## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **MARCEL ROZARIO,** | **Case No.: 08-CV-1506-DSD/FLN** |
| | **[CORRECTED]** |
| **Plaintiff,** | |
| | **DEFENDANTS PFIZER INC.,** |
| **v.** | **PHARMACIA CORPORATION,** |
| | **AND G.D. SEARLE LLC'S ANSWER** |
| **PFIZER INC., PHARMACIA** | **TO PLAINTIFF'S COMPLAINT** |
| **CORPORATION, and G.D. SEARLE,** | |
| **LLC,** | |
| | |
| **Defendants.** | **Jury Trial Demanded** |

NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiff's Complaint as "G.D. Searle, LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

### I.
### PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

### II.
### ANSWER

#### Response to Allegations Regarding Parties

1.     Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of

time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York. Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are

by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

5.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

### Response to Allegations Regarding Jurisdiction and Venue

6.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same. However, Defendants admit that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny committing a tort in the State of Minnesota and deny the remaining allegations in this paragraph of the Complaint.

9.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including New York and Minnesota, to be

prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of Minnesota.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

10.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

15.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

16.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

17.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to

form a belief as to the truth of such allegations and, therefore, deny the same.

18.      The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.      The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.      The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.      Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.      Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.      Plaintiff does not allege having used Celebrex® in her Complaint.   Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

24.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

27.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants state that the referenced article speaks for itself and respectfully refer the

Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

30.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November 16, 2001.  Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

32.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

sufficient information to confirm or deny such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

36.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

37.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005. Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text. Any attempt to characterize the testimony is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

38.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

-10-

41.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants deny the allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

45.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants deny the allegations in this paragraph of the Complaint.

48.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants deny the allegations in this paragraph of the Complaint.

57.     Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

58.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

59.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

60.     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

with their approval by the FDA.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiff used Bextra®, and, therefore, deny the same.

Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

65.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

66.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

69.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

damages, and deny the remaining allegations in this paragraph of the Complaint.

<u>**Response to Second Cause of Action: Strict Liability**</u>

75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

76.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

77.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

78.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its

FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

80.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants state that Bextra® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Third Cause of Action: Breach of Express Warranty

91.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

94.     Defendants deny the allegations in this paragraph of the Complaint.

95.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

96.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

98.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

101.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

102.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining

allegations in this paragraph of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.    Defendants deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

111.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

112.    Defendants state that this paragraph of the Complaint contains legal contentions to which  no  response  is  deemed  required.    To  the  extent  a  response  is  deemed  required,

Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

114.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

damages, and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Sixth Cause of Action: Unjust Enrichment

126.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

127.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.
### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.
### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq*.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4 *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, Article I, § 17 of Constitution of the State of Minnesota, and the Constitution of the State of New York, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.     Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.     Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Minnesota and New York.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1

(1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

## Forty-first Defense

41.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

## Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

## Forty-third Defense

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Plaintiff's claim for punitive damages is barred pursuant to Minn. Stat. § 549.191.

## Fifty-sixth Defense

56.     In the event Plaintiff recovers a verdict or judgment against Defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c), and/or other applicable State or Commonwealth statutes, by those amounts which have, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed medical expenses or other such economic loss, paid from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## Fifty-seventh Defense

57.     In accordance with CPLR 1601 *et seq*., and/or other applicable State or Commonwealth statutes, the liability of Defendants, if any, to Plaintiff for non-economic loss is limited to their equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff contends could have obtained personal jurisdiction with due diligence.

## Fifty-eighth Defense

58.     In accordance with General Obligations Law 15-108, if Plaintiff executes a release or a covenant not to sue for a tortfeasor in this action, Plaintiff's damage claim against Defendants is reduced to the extent of any amount stipulated by the release or covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR 1401 et seq., whichever is greatest.

## Fifty-ninth Defense

59.     The conduct of Defendants and all activities with respect to the subject products were fair and truthful based upon the knowledge existing at the relevant time alleged in the Complaint.  Therefore, Plaintiff's claims under New York Business Corporation Law § 349 are barred.

## Sixtieth Defense

60.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray that Plaintiff take nothing by this suit; that Defendants be discharged with their costs expended in this matter, and for such other and further relief to which it may be justly entitled.

Dated:  June 25, 2008.                           FAEGRE & BENSON LLP


                                                 *s/ Joseph M. Price*
                                                 Joseph M. Price, # 88201
                                                 Erin M. Verneris # 0335174
                                                 2200 Wells Fargo Center
                                                 90 South Seventh Street
                                                 Minneapolis, MN  55402-3901
                                                 T (612) 766-7000
                                                 F (612) 766-1600

fb.us.3010308.01
                                                 *Attorneys for Defendants Pfizer Inc.,*
                                                 *Pharmacia Corporation, and G.D. Searle LLC*